Opinion by
 

 Arnold, J.,
 

 In this attachment execution the question involved is whether an insurance carrier in an automobile liability policy is relieved from indemnification when the insured does not promptly furnish suit papers to the insurer, regardless of whether the insurance carrier is prejudiced.
 

 The appellant insurance company issued an automobile liability policy to Clarence A. Nash, whereby it was bound to pay all sums which the insured became obligated to pay, by reason of liability imposed by law for damages sustained by any person, caused by an accident arising out of the use of the automobile named therein. The policy also covered the same liability of any person driving the motor vehicle with the permission of the insured.
 

 
 *478
 
 On November 13, 1945, Nash’s automobile .was being-operated with his permission by his son Robert, and ivas involved in a collision with a motor vehicle driven by Mary H. Dickason, from which accident Adaline M. Frank sustained personal injuries. Robert A. Nash will hereafter be referred to as the insured.
 

 The insured gave prompt notice to the insurer of the happening of the accident, and the insurer made its investigation.
 

 Mrs. Frank and her husband brought an action of trespass against Robert A. Nash and against Mary H. Dickason (the driver of the car in which Mrs. Frank was a guest), and Charles L. Dickason, the owner of the vehicle.
 

 The insured retained his own counsel, who accepted service of the writ as to Nash, and ruled the plaintiffs to file a statement of claim, which was done on October 10. On October 22,1946, Nash’s counsel filed an affidavit of defense. No suit papers were then forwarded to the insurance company.
 

 The case appeared upon the trial list for November, 1946, was continued and listed for trial for the week of January 27,1947, and again continued.
 

 On January 16, 1947, Nash by letter informed the insurance carrier that several lawsuits would be heard in Lancaster on January 27, 1947, but this letter did not state that Nash (either father or son) was a defendant in those cases.
 

 Not until January 30, 1947, were copies of suit papers forwarded to the appellant, and when received they constituted the first notice that the insurance carrier had that suit had been brought against the insured. In the same letter Nash’s private counsel stated that he had withdrawn his appearance. The insurance carrier denied liability for reasons later appearing in this opinion.
 

 
 *479
 
 On May 14, 1947, in an nncontested cage, a verdict was rendered in favor of Frank et vir against Nash, and upon the consequent judgment the plaintiffs issued an attachment execution, naming the insurance carrier as garnishee. On trial of the attachment execution the court directed a verdict for the plaintiffs, and the garnishee’s motion for judgment non obstante veredicto was refused and judgment for the plaintiffs entered. The insurance carrier appealed.
 

 The insurer denied liability both in this Court and in the court below under the following conditions of the policy: “8. ... If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.” “12. ... No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy. . . .” The cooperation clause was also assigned as having been breached but is of no importance here, because admittedly the failure to cooperate must be such a failure as prejudices the insurer
 
 (McClellan et ux. v. Madonti et al.,
 
 313 Pa. 515, 169 A. 760), i.e. there is no breach unless insurer is prejudiced.
 

 Appellant contends that the failure of the insured to forward the suit papers, for the time and under the facts in this case,
 
 per se
 
 avoided the insurance contract, without regard to whether the insurer suffered detriment or not.
 

 Whatever may be the law in other jurisdictions concerning this question, it is no longer open in Pennsylvania. In
 
 Morris et al. v. Bender et al.,
 
 317 Pa. 533, 177 A. 776, the insured (as here) gave to the insurer prompt notice of the accident, but did not forward copies of process or plaintiffs’ statement until nearly two years after the plaintiffs’ statement was filed. The plaintiffs’ counsel then furnished the insurer with copies of the
 
 *480
 
 papers, and offered to agree to a continuance of the cause, which had been on the trial list for some time. In the trespass action plaintiffs recovered a judgment, and upon this issued an attachment execution against the carrier as garnishee. As shown by the briefs, appellant there raised the question that the two years’ delay in furnishing it with suit papers avoided the policy. The
 
 Morris
 
 case flatly decided that the delay in furnishing suit papers will not
 
 per se
 
 relieve the insurer from liability, even though there was two years’ delay.
 

 While in the
 
 Morris
 
 case the insurer had a physical examination of the plaintiff; and negotiated with his lawyer for a settlement; and was notified that suit would be brought on a named day;—yet these were but factors from which prejudice or non-prejudice of the insurer could be determined. Therefore, the failure to furnish suit papers to the insurer does not, of itself, avoid the policy, and prejudice does not exist per se.
 

 The insurer in the instant case then had the burden of showing that it was prejudiced by the eleven months’ delay in forwarding the suit papers. The present record is barren of any evidence that it was harmed. Rarely, if ever, can there be prejudice per se. Here the insurer offered no evidence except pleaded admissions not touching prejudice. It did not meet the burden and the judgment must be affirmed.
 

 The appellant argues that it was, in fact, prejudiced in several particulars, and that evidence thereof need not be produced. The only contention which need be discussed is that the insurer was deprived of the right to have a prompt medical examination of the injured party. Such a right does not exist until after the action is filed. The injuries were inflicted on Mrs. Frank on November 13, 1945, and she brought action February 15,1946, after her hospitalization for ten weeks and four days. There is no evidence that a medical examination after suit filed could possibly have been of benefit to
 
 *481
 
 tlie carrier. Nor is there any evidence of the items of damages claimed in that suit; nor any evidence of malingering or exaggeration of damages. In fact, the only evidence in that record concerning damages is that of Mrs. Frank, who testified that she had been hospitalized for ten weeks and four days.
 

 Appellant also argues that it had no knowledge of any serious injury, but Mrs. Frank was immediately sent to the hospital, and the insurance carrier’s investigation occurred after notice of the accident.
 

 Judgment affirmed.