Flagg et ux., Appellants, *v.* Puleio.

330

Argued March 9, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Samuel J. Goldstein,* for plaintiffs, appellants.

*Robert E. Wayman,* with him *Dickie, McCamey, Chilcote & Robinson,* for garnishee, appellee.

Opinion by Ervin, J., April 16, 1959:

This is an appeal from an order of the court below entering judgment for Allstate Insurance Company,

garnishee, on plaintiffs' motion for judgment on the pleadings filed in an attachment execution instituted by the plaintiffs, Robert H. Flagg and Lola Flagg, his wife, against Eugene Puleio, the defendant, and Allstate Insurance Company (hereinafter called "Allstate") as garnishee, based upon judgments in favor of plaintiffs in an action in trespass against the defendant Puleio. This action was not defended by Puleio and judgments were had in default and on October 25, 1954 the damages were assessed by a jury in favor of the wife in the amount of $1,900.00 and in favor of the husband in the amount of $1,000.00.

On January 18, 1953 the defendant Puleio, at the request of the wife-plaintiff, was driving her to her home in an Oldsmobile automobile owned by plaintiffs; defendant fell asleep while en route; the car ran off the road and struck a pole, as a result of which the wife-plaintiff suffered personal injuries and husband plaintiff's car was damaged. At the time of the accident defendant Puleio owned a Studebaker automobile and was covered by a liability insurance policy which had been issued to him by The Travelers Indemnity Company. The suit papers in the trespass action were duly forwarded by Puleio to The Travelers Indemnity Company, which denied its liability and returned the papers to Puleio with the statement that they should be forwarded to Allstate. The suit papers were never forwarded to Allstate.

At the time of the accident plaintiffs had coverage under a policy issued by Allstate which protected them against liability for personal injuries and loss or damage to property arising from the operation of their Oldsmobile car as well as for damages to the vehicle arising from collision or upset. The policy likewise indemnified Puleio as an unnamed insured while driving the Flaggs' car as appears under clause X, Defini-

tions, which provides: "1. The unqualified word 'insured', wherever used with respect to the liability insurance, includes the named insured, spouse, and: (a) with respect to the owned automobile or a substitute automobile, any other person or organization legally responsible for its use, provided the actual use of the automobile is by the named insured or spouse or with the permission of either; and (b) with respect to any non-owned automobile, any other person or organization, not owning or hiring it, but legally responsible for its use by the named insured or spouse." The policy also provides: "2. NOTICE: In the event of accident, occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable, and in case of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to Allstate every demand, notice or summons received by him or his representative."

The sole question for determination on this appeal is whether Allstate, the garnishee, is relieved of liability to the insured because of the failure of the insured to immediately forward to Allstate the suit papers. The suit was commenced early in 1953 and, after the entry of a default judgment, the jury on October 25, 1954 assessed damages in favor of Robert H. Flagg in the amount of $1,000.00 and Lola Flagg in the amount of $1,900.00. On September 22, 1955, some two years and six months after the action was instituted, Allstate was first notified of the action and that a default judgment had been entered against Eugene Puleio. On January 19, 1953, the day after the accident, the garnishee was given notice of the accident and it promptly made an investigation. In September 1953 Allstate tendered to plaintiffs a receipt and release offering

$257.00 under its passenger-medical payments coverage and a general receipt and release in the total amount of $1.00 from its liability under all liability types of coverage in the policy. The plaintiffs took no action with respect to the offer and did not inform Allstate of the suit which they had theretofore instituted against Puleio. Since the garnishee had notice of and investigated the accident and endeavored to secure from plaintiffs a general release from all liability and charged that Puleio was driving the automobile on his own business, it is contended by the appellants that the garnishee denied liability and that notice of the trespass action or the transmission of the suit papers was not required. The pleadings do not reveal a denial of liability by the insurer until after Allstate had been notified of the entry of the judgment and the assessment of the damages. Prior to this date, Allstate had not evidenced any indication that it would not defend Puleio had it known that an action had been instituted against him. None of these matters excused the Flaggs from complying with the express condition of the policy of immediately forwarding to Allstate the suit papers. The right of the plaintiffs to recover in this proceeding is derived through the unnamed insured—Puleio—and if he did not perform his duty under the policy, the Flaggs could not successfully maintain an action against the insurer.

The appellants' further contention that they could not forward the suit papers because they were served on Puleio is without merit. They could have given notice of the commencement of the suit or sent a copy of the papers to Allstate: *McClellan v. Madonti,* 313 Pa. 515, 169 A. 760; *Morris v. Bender,* 317 Pa. 533, 177 A. 776.

The failure to forward suit papers will not alone void the policy: *Frank v. Nash,* 166 Pa. Superior Ct.

476, 71 A. 2d 835. The insurer must show that it was prejudiced by the failure to deliver the suit papers. In the present case the insurer did not have an opportunity to appear and defend the action on liability, was not given an opportunity to cross-examine plaintiffs' witnesses on damages and was not given an opportunity to present its own evidence relative to liability and damages.

It is fairly obvious that the Flaggs and Puleio failed to deliver the suit papers to Allstate because of their mistaken theory that Puleio's insurance carrier, The Travelers Indemnity Company, was liable under its policy issued to Puleio. This mistake, however, does not constitute a legal justification for the failure to deliver the said papers to Allstate.

Judgment affirmed.