LEE KEEPERS, Plaintiff-Appellant, v. JOHN POWELL, Defendant—(PARLIAMENT INSURANCE COMPANY, Garnishee Defendant-Appellee.)

(No. 54280;

First District—February 24, 1971.

424

Melvin B. Lewis, of Chicago, for appellant.

Herbert F. Stride, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County, where a garnishment action was brought by plaintiff, Lee Keepers, as a judgment creditor by default, resulting from an automobile accident case. The garnishee, Parliament Insurance Company, was the insurer of the defendant at the time of the accident. Parliament defended the garnishment on the theory that it had not received notice of the pendency of the suit. The issue between the plaintiff and garnishee, Parliament, was tried by the court without a jury, and judgment rendered in favor of Parliament, from which judgment the plaintiff appeals.

In October 1966, the plaintiff, Lee Keepers, and the defendant, John Powell, were involved in a motor vehicle accident. Powell was covered by an automobile insurance policy issued by Parliament Insurance Company and was making monthly payments on his automobile. After the accident, Powell's wife phoned Mercantile M.D.C. Corporation at the phone number given on the payment book furnished to them. A form was sent to Powell as a result of the phone conversation. Mrs. Powell filled it out and sent it back, because Mr. Powell can barely read or write.

In February 1967, Keepers filed suit against Powell to recover $1,047 in property damage. When Powell received the summons and complaint, his wife mailed them either to Mercantile M.D.C., whose address was on the payment book, or to the address on the accident report, by regular mail.

On the day Keepers' attorney filed suit against Powell, February 3, 1967, he sent a letter to Parliament Insurance Company, advising it he had field suit against its assured and asking Parliament to take whatever steps may be necessary for the protection of Parliament and its

assured. On May 21, 1968, Powell was defaulted and, on ex parte trial, judgment was entered against Powell for $1,047. The amount of this judgment is not contested. Keepers' attorney again sent a letter to Parliament, advising it that an order of default was entered against its assured and inviting it to take whatever steps it deemed necessary for the protection of its interests and the interests of its assured. Parliament did not respond.

Powell first discovered he had not been defended when he received notice of revocation of his license plates by the Secretary of the State of Illinois.

On July 1, 1968, Powell, having now engaged an attorney, petitioned to vacate the judgment, claiming he had mailed the summons and complaint to Parliament and was unaware that he had not been defended. Plaintiff resisted the motion on the grounds that Parliament had been properly notified of the pendency of the suit and was ultimately liable on the judgment. The motion to vacate the judgment was denied. Notice of this motion was given only to plaintiff, and Parliament did not participate.

Two weeks later, non-wage garnishment proces was issued by plaintiff against Parliament. The following month Parliament filed an answer stating "no funds." An amended complaint in garnishment was then filed, specifying the policy number, the amount of the coverage and other details. Parliament answered and admitted the basic coverage but denied the policy conditions had been performed. After plaintiff moved for summary judgment and attorney's fees for false pleading, Parliament obtained leave to file a second amended answer, in which it alleged "that the Defendant never forwarded summons and complaint in the above entitled cause to the Garnishee-Defendant and never notified the Garnishee-Defendant of the existence of the above entitled law suit."

At the trial, George Krasny, claims manager for Parliament, testified that summons are generally sent direct by the insured but sometimes are sent by the agents or brokers. All summons are recorded in a ledger book. There was no record in that book of the summons and complaint in this case.

Michael Matis testified he was a supervisor and manager for Mercantile Insurance Brokers and was also employed by Mercantile M.D.C. Corporation, "our premium finance company." He also stated Mercantile Insurance Brokers is an agency of Parliament Insurance Company and, although Mercantile has no claims department, all claims are referred to Staff Insurance Adjustment Company, which is housed in the same building with Parliament.

Lillian Kuhn, supervisor of the claims department of Staff Insurance

Adjustment, said she had received notice of the accident but did not receive a summons and complaint.

On this appeal appellant argues that the judgment is unsupported by the evidence and is unsupported by the pleadings, and the letters from plaintiff's attorney to Parliament were improperly excluded from evidence.

■ ■ We shall first consider the exclusion of the letters. In the court below, the carbon copies of the letters sent to Parliament by plaintiff's attorney were ruled inadmissible because they were self-serving. This ruling was error. The letters were offered to corroborate the testimony of the plaintiff's attorney as to sending notice. Parliament knew of this contention because of the affidavit of plaintiff's attorney, filed in support of a motion for summary judgment. Parliament did not plead to the motion or affidavit. The copies of the letters were admissible as secondary evidence, absent the originals that counsel averred sending to Parliament, and Parliament never denied receiving the letters. No question of notice to produce has been raised.

■ ■ Plaintiff argues that the judgment was unsupported by the evidence and the pleadings. We agree. Parliament was required to plead and prove as an affirmative defense that the complaint and summons were not forwarded to it or one of its agents, and that it did not receive notice from another source.

■ ■ ■ The language of the policy does not require as a condition of insurer's liability that it shall receive notice of suit. It only requires that such notice shall be forwarded, in the following language: "If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." The proof shows that Mrs. Powell mailed the summons and complaint, although there is some question as to which address she mailed them. She either used the address on the payment book, M.D.C. Corporation, or addressed the letter to Staff Insurance Adjustment, the place she mailed the accident report. Mrs. Powell was entitled to believe that either one of these agencies was proper because of her prior dealing with each of them, who were acting for Parliament. The testimony of the witnesses also shows all of these entities are intimately connected with Parliament; therefore notice to any one of them is notice to Parliament. The fact that the looseleaf record book kept by Parliament did not show this summons and complaint is, at best, negative proof, and does not prove the summons and complaint were not forwarded as Mrs. Powell testified.

■ ■ The proof also discloses that Parliament was notified of the suit by plaintiff's attorney. He testified he wrote two letters and made two

phone calls to Parliament. The carbon copies of the letters were a part of plaintiff's exhibits but were erroneously rejected as evidence. There is no doubt that an insurance company may receive notice from any source whatever. (*Simmon v. Iowa Mutual Casualty Co* (1954), 3 Ill.2d 318, 322, 323.) It need only be given 'actual notice sufficient to permit the insurer to locate the suit and defend it." (*Johnson v. Samuels* (1963), 40 Ill.App.2d 417, 420.) The letters written by plaintiff's attorney to Parliament provided that information.

■■ From the record, we find both the plaintiff and defendant, by the manifest weight of the evidence, served sufficient notice and the summons and complaint upon the garnishee-defendant to establish liability. The garnishee-defendant failed to prove its affirmative defense of lack of notice, and the trial court was in error in entering judgment for garnishee-defendant Parliament.

For the reasons stated herein, the judgment is reversed and the cause is remanded with directions to enter judgment for the plaintiff-judgment creditor, Lee Keepers, in the amount of $1,047.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.