Nolan et al., Appellants, *v.* Koehler & Fretz, Inc.

Argued December 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David O. Williams,* with him *Landis and Williams,* for appellants.

*Gilbert P. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY CERCONE, J., March 23, 1971:

As the result of an automobile accident on April 14, 1961, with an employee of the defendant company, Koehler & Fretz, Inc., the wife-plaintiff sustained personal injuries and the husband-plaintiff sustained damage to his automobile. Defendant was insured by the Pennsylvania Manufacturers' Association Casualty Insurance Company (Manufacturers'), with whom plaintiffs' counsel conducted settlement negotiations.

Plaintiffs' counsel filed a Praecipe for Summons in Trespass on March 6, 1963 to toll the statute of limitations. Settlement negotiations continued until September 1963 when plaintiffs' counsel advised Manufacturers' claim representative that plaintiffs' Complaint in Trespass was ready to be filed and asked the claims representative if he would accept service of it. The representative, after checking with his superiors, reported he was not authorized to accept service and the Complaint was then filed on September 13, 1963 with service effected on defendant on November 20, 1963. No Answer to the Complaint having been filed within the required time, plaintiffs, on January 3, 1964, praeciped for judgment in default of answer and had the case placed on the civil trial list for the assessment of damages.

The case came on for trial before a jury on February 5, 1965, with the jury rendering a verdict in favor of the wife-plaintiff in the amount of $5700 and in favor of the husband-plaintiff for $3250. Manufacturers' counsel was present during the trial as a spectator only because Manufacturers' contended it had no duty to the defendant to defend or any liability to plaintiffs since defendant, its insured, had not forwarded the Complaint to it until January 13, 1964, in violation of the terms of the insurance policy which provided: "If claim is made or suit is brought against the insured,

the insured shall immediately forward to the company every demand notice, summons or other process received on him or his representative" and further provided that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. . .".

Plaintiffs, not having secured payment of the judgments rendered in their favor by the jury, caused to have issued a writ of execution with scire facias, followed by an attachment on April 28, 1965, against Manufacturers' as garnishee. After Manufacturers' Answers to Interrogatories directed to it by plaintiffs, plaintiffs and Manufacturers' made Motions for Summary Judgment, Manufacturers' attaching to its Motion a supporting affidavit to the effect that it had not received notice of the Complaint from its insured until January 13, 1964.

After argument on the motions, with plaintiffs contending that Manufacturers', under the circumstances acknowledged by it in its Answers to Interrogatories and as already recited above, had received sufficient notice of the Complaint, and Manufacturers' contending that it had not, the court below granted summary judgment in favor of Manufacturers'. Hence this appeal by the plaintiffs.

Our study requires us to come to a conclusion different from that reached by the court below. Notice to Manufacturers' by plaintiffs, rather than by the defendant insured, would be a sufficient compliance with the notice requirements of the insurance contract, as has been held in *McClellan v. Madonti*, 313 Pa. 515 (1934) and *Morris v. Bender*, 317 Pa. 533 (1935), and the record clearly reveals Manufacturers' did receive notice from plaintiffs of the actions taken by them in the case. Manufacturers' makes no denial that it had knowledge of the filing of the Summons in Trespass, its

knowledge made obvious by its continuation of settlement negotiations after the statute of limitations would have expired and by the fact it did not raise the issue of such statute of limitations when told by plaintiffs' counsel in September 1963 that he had a Complaint to be served. Nor does it deny that plaintiffs' counsel had advised it he had a Complaint ready for filing and that he requested Manufacturers' to accept service of it.

Under these circumstances, Manufacturers' cannot properly shield itself from liability under the policy by contending lack of notice of the action taken by plaintiffs. We hold, therefore, that the court below erred in granting Manufacturers' Motion for Summary Judgment and in refusing to grant summary judgment in favor of the plaintiffs, who, under the material facts clearly appearing of record, are entitled to enforce their judgments against defendant by attachment execution against Manufacturers' as garnishee.

Judgment reversed.