Hargrove *v.* CNA Insurance Group, Appellant.

Argued April 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William D. Phillips,* for appellant.

*Frank A. Conte,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

This is an appeal of CNA Insurance Group (CNA) from the lower court's judgment in favor of plaintiff,

Scherwin Diane Hargrove, as a third party beneficiary, under a CNA automobile liability policy.

CNA issued a policy to Aero Trucking Company covering the owner and driver of a truck which Aero leased [from the owner].

Plaintiff was injured in an accident involving the truck while it was being driven by the insured driver. CNA knew of the accident the day it happened, made investigations and paid, on behalf of its insureds, claims made by other persons involved in the accident. CNA also interviewed plaintiff and negotiated with her on her claim for injuries. At no time, however, did CNA know of plaintiff's lawsuit in trespass against its insureds, the owner and driver of the truck, until it was notified by plaintiff's attorney that a default judgment had been taken against these insureds. Plaintiff sought recovery of its judgment against CNA in an assumpsit action as a third party beneficiary under the policy. CNA denied liability on the grounds that its insureds had breached the condition upon which CNA's liability rested: a requirement that the insureds immediately forward suit papers in the event of a lawsuit. The only witness at the trial of the assumpsit action was a CNA supervisor who stated that CNA did not receive the suit papers, and did not have notice of the lawsuit until after the default judgment was obtained against CNA's insureds.

In *Flagg v. Puleio,* 189 Pa. Superior Ct. 329 (1959), the insurance company knew of the accident the day after it happened, investigated it and attempted settlement with plaintiff; it did not receive information of the lawsuit until a default judgment had been taken against its insured; no suit papers were forwarded to the insurer by its insured. In holding that the insurer was not liable therein we said: "In the present case the insurer did not have an opportunity to appear and defend the action on liability, was not given an oppor-

tunity to cross-examine plaintiffs' witnesses on damages and was not given an opportunity to present its own evidence relative to liability and damages." In *Flagg*, it was clearly established that no suit papers were forwarded. In the instant appeal, however, the dispositive question is whether or not the suit papers were forwarded. One of the pillars upon which our legal system rests is the requirement that notice be given to those involved in litigation so that they may have their day in court. *If* in the instant case the suit papers were not forwarded, the insurer was deprived of that right of notice and of the right to defend, and the lower court's judgment must be reversed. Plaintiff contends, however, that the insurance company has failed to show that its insureds breached the clause requiring them to forward suit papers.

Requirements in automobile liability policies that notice of the happening of the accident be given promptly are considered in a different light from the requirement that suit papers are to be forwarded without delay. Pennsylvania cases establish that the insured bears the burden of showing compliance with the terms and conditions of a clause requiring prompt notification of the happening of the accident as a condition precedent to establishing the insurer's liability under the policy: *Meierdierck v. Miller,* 394 Pa. 484 (1959) ; *Jeannette Glass Company v. Indemnity Insurance Company,* 370 Pa. 409 (1952) ; *Ross v. Mayflower Drug Stores,* 338 Pa. 211 (1940) ; *Unverzagt v. Prestera,* 339 Pa. 141 (1940) ; *Bethlehem Steel v. Continental Casualty Co.,* 208 F. Supp. 356 (E.D. Pa. 1959) ; but where the insurer seeks to cut off that responsibility on the ground that its insured did not comply with a forwarding of suit papers clause, the burden of proof regarding such non-compliance rests on the insurer: *Morris v. Bender,* 317 Pa. 533 (1935) ; *Flagg v. Puleio,* supra; *Frank v. Nash,* 166 Pa. Superior Ct. 476 (1950) ; *Bowman Steel*

*v. Lumbermens Mutual Casualty Company*, 364 F. 2d 246 (3d Cir. 1966) ; *Wiseman v. U.S.*, 327 F. 2d 701 (3d Cir. 1964). See generally *Couch on Insurance*, 2d, §§79:330, 341, 347, 348. To meet this burden, the insurer must establish two things: that the clause was actually breached, and that that breach resulted in substantial prejudice to its position. *Cameron v. Berger*, 336 Pa. 229 (1939) ; see also *McClellan v. Madonti*, 313 Pa. 515 (1934) ; *Bachman v. Monte*, 326 Pa. 289 (1937). See also *Donaldson v. Farm Bureau Mutual Automobile Ins. Co.*, 339 Pa. 106, 14 A. 2d 117 (1940), where the Court held that the insurer, seeking to avoid liability because its insured allegedly did not cooperate as required by the policy, had the burden of proving the alleged lack of cooperation. See also *Schmittinger v. Grogan*, 402 Pa. 499, 166 A. 2d 524 (1961) ; and *Couch*, supra §79:348.

Simply then, if the evidence demonstrates that the insureds failed to forward suit papers, prejudice to the insurer is clearly established by the fact that a default judgment was taken against its insureds: *Flagg v. Puleio*, supra. Compare *Frank v. Nash*, supra. The only witness called on behalf of the insurance company was the supervisor for the geographical area in which the accident occurred. He stated that under normal company procedures, the suit papers, if received by the company, would automatically come to him, and that he had never personally received any suit papers on the action involved in this appeal. It is obvious that this does not satisfy the insurer's burden of showing breach of the clause. The nature of the notice required by a contract, of course, depends upon the provisions of the contract. When parties contract as to how notice shall be given, the giving of notice by the method contracted for is sufficient whether it results in actual notice or not: *58 Am. Jur. 2d, Notice*, §24. The clause in ques-

tion required the insured to forward suit papers.[1] The insured could have fully performed his duties under the clause by forwarding the suit papers even though they were never actually received by the insurer. Our research indicates that this particular point has never been considered by the Pennsylvania appellate courts. However, at least two other jurisdictions have recently decided that in an action such as the one involved in this appeal, the insurer has the burden of proving that suit papers were not forwarded, and mere proof that they were not received by the company is not sufficient to satisfy that burden. In *Keepers v. Powell,* 268 N.E. 2d 488 (1971), the Illinois Appellate Court reasoned as follows: "The language of the policy does not require as a condition of the insurer's liability that it shall receive notice of suit. It only requires that such notice shall be forwarded[2] . . . . The fact that the loose-leaf record book kept by [the insurer] did not show [that suit papers were received from the insured] is, at best, negative proof and does not prove the [suit papers] were not forwarded . . . ." Although in *Keepers* the insured had testified that the suit papers were forwarded, whereas in the instant case there was no such testimony one way or the other,[3] yet the *Keepers* rationale remains equally applicable here. In *Keepers,* the court found that plaintiff had forwarded the suit papers; in the instant appeal, the best that can be said is that the record does not show whether such papers

---

[1] This clause reads as follows: "Insured's Duties in the Event of Occurrence, Claims or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, Summons or other process received by him or his representative."

[2] The language of this clause is practically identical to that of the clause in the instant case.

[3] CNA failed to call the insured(s) to testify on the question; the only witness CNA called was the CNA Supervisor in charge of receiving the mail.

342

were forwarded or not. In *Burton v. National Indemnity Company,* 181 S.E. 2d 107 (1971), the Court of Appeals of Georgia held that an insurer did not meet its burden of proof of breach of a suit papers clause by proving, in a proceeding for summary judgment, that it had not received notice of the suit.

Since the insurer did not meet its burden of showing that its insured failed to forward the suit papers, the lower court's judgment in favor of plaintiff as third party beneficiary under the insurance policy was proper.

Judgment affirmed.