## Federal Kemper Ins. Co. v. Johnson

*Harvey Freedenberg,* for plaintiff.
*Sally J. Winder,* for defendants.

SHUGHART, *P.J.,* October 29, 1981 — On January 26, 1980, George Kirby was struck by a vehicle operated by Michael Johnson while he was walking on a sidewalk in the Borough of Shippensburg. At the time of the incident, Johnson was an insured of Federal Kemper Insurance Company (hereinafter Kemper).

Criminal charges, including three counts of aggravated assault, were filed against Johnson. Additionally, Johnson was charged with reckless driving, accident involving damage to unattended property and driving without a license. On May 14,

1980, Johnson pleaded guilty to one count of aggravated assault and battery graded as a first degree misdemeanor in satisfaction of all charges.

On June 24, 1980, George and Sharon Kirby commenced a trespass action against Johnson by filing a praecipe for a writ of summons. On May 26, 1981, Kemper filed this declaratory judgment action seeking an order declaring that it has no obligation to indemnify or defend Michael Johnson with respect to the Kirby lawsuit because Johnson failed to cooperate with Kemper in the investigation of the January 26, 1980 incident, and because Johnson's behavior constituted an intentional injury which is specifically excluded from coverage. On August 4, 1981, Kemper filed a motion for summary judgment which is presently before us.

On a motion for summary judgment the pleadings, depositions, interrogatories, admissions and affidavits on file are considered: Pa.R.C.P. 1035. All relevant facts derived therefrom are to be viewed in the light most favorable to the non-moving party: Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968). Summary judgment may only be granted when there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law: Pa.R.C.P. 1035(b). Moreover, summary judgment should only be granted when the case is free from doubt: Amabile v. Auto Kleen Car Wash, 249 Pa. Superior Ct. 240, 376 A. 2d 247 (1977).

Here, Kemper's first contention is that it is relieved of any duty to defend or indemnify Johnson because Johnson's actions on January 26, 1980, were intentional. To support this allegation, Kemper relies exclusively on Johnson's guilty plea of May 14, 1980, to one count of aggravated assault. Kemper maintains that the guilty plea conclusively

establishes that Johnson intentionally caused bodily injury to George Kirby. We do not agree.

Our appellate courts have never expressly decided whether a guilty plea to a criminal charge is conclusive in a subsequent civil action. We believe, however, the proper rule regarding the effect of a guilty plea in a subsequent civil action is enunciated in State Farm Mutual Auto Insurance Co. v. Worthington, 405 F. 2d 683 (8th Cir. 1968), where the court stated: "The plea is admissible as an admission against interest but it is not conclusive and defendant may offer his explanation of the plea and his version of the occurrence that occasioned the criminal charge." Id. at 687. Accord, Brohawn v. Transamerica Insurance Co., 276 Md. 396, 347 A. 2d 842 (1975); Hatfield v. York, 354 So. 2d 426 (Fla. Dist. Ct. App. 1978); Anno., 18 A.L.R. 2d 1287, 1311. Johnson's guilty plea, therefore, does not conclusively establish that his actions of January 26, 1980, were designed to intentionally injure George Kirby.

The cases cited by Kemper which do concern the effect of a prior guilty plea involve fact situations which are distinguishable from the case at bar. See, e.g., Mayberry v. Somner, 480 F. Supp. 833 (E.D Pa. 1979) (state prisoner collaterally estopped from bringing civil rights against prison guards based on same set of circumstances prisoner previously pleaded guilty to); Hooper v. Guthrie, 390 F. Supp. 1327 (W.D. Pa. 1975) (civil rights action based on alleged illegal search barred by collateral estoppel where plaintiff previously pleaded guilty to criminal offense involving the same search).

Additionally, we cannot conclude that the facts described by the district attorney during Johnson's guilty plea colloquy entitle Kemper to summary judgment. The purpose of this portion of the col-

loquy is to demonstrate that there is a factual basis for the plea. Although the district attorney and the court referred to Johnson's behavior as intentional, these references are not an adjudication of fact. Johnson pleaded guilty to aggravated assault; he did not plead guilty to intentionally injuring Mr. Kirby. Inasmuch as one could be convicted of aggravated assault for reckless conduct as well as for intentional conduct, the Crimes Code, 18 Pa.C.S.A. §2702, as amended, it is clear that the colloquy itself cannot be considered determinative. It is for the trier of fact to decide whether Johnson's conduct on January 26, 1980, was intended to inflict injury upon George Kirby. Accordingly, plaintiff's motion for summary judgment based on the intentional injury exclusion of the insurance policy must be denied.

Kemper's final argument is that Johnson breached his duty to cooperate in the investigation and defense of the suit against him. Hence, Kemper argues, it is relieved of any duty to defend or indemnify Johnson. Kemper relies on a stipulation of counsel and an affadavit of Glenn Love, an agent of Kemper, to support its position.

The material relied on indicates that Love was notified of the January 26, 1980, incident on September 3, 1980, when Johnson advised him of the occurrence through a telephone conversation. Thereafter, Love made an appointment to meet with Johnson on September 6, 1980, to discuss the incident. Johnson failed to appear. On October 1, 1980, Johnson submitted to a deposition in the case filed against him by the Kirbys. Apparently Kemper was not aware of this deposition. Meanwhile, Love made a second appointment to discuss the incident with Johnson on October 28, 1980, at Johnson's home. Again, Johnson broke the appointment.

Love then sent a letter to Johnson requesting him to come to his office. Johnson did not respond. On December 5, 1980, the Kirbys filed their complaint against Johnson. A copy of the complaint was mailed to Kemper at its main office. Based on these circumstances Kemper seeks to be relieved of its obligation to Johnson.

To be relieved of its obligation to indemnify and defend its insured on the basis of the insured's failure to cooperate, the insurer must prove breach of the cooperation clause and show substantial prejudice and injury to its position: Cameron v. Berger, 336 Pa. 229, 7 A. 2d 293 (1939). See also Bachman v. Monte, 326 Pa. 289, 192 Atl. 485 (1937). In the case at bar, while Kemper has supplied facts which suggest Johnson's lack of cooperation, the record is devoid of any averment which indicates how Kemper was substantially prejudiced and injured in its position. As was stated by the court in Frank et vir. v. Nash, 166 Pa. Superior Ct. 476, 71 A. 2d 835, 836 (1950) (allocatur refused), a case which involved delay in forwarding suit papers to the insurer, "Rarely, if ever, can there be prejudice per se." Since Kemper has failed to demonstrate prejudice as the result of Johnson's actions following the January 26, 1980, incident, its motion for summary judgment cannot be sustained on the basis of Johnson's alleged breach of the cooperation clause.

## ORDER

And now, October 29, 1981, for the reasons appearing in the opinion filed this date, Federal Kemper Insurance Company's motion for summary judgment is hereby denied.