**Stetzer v. Ohio Casualty Insurance Co.**

*Steven Kachmar,* for plaintiff.
*Chester C. Corse,* for defendant.

DOLBIN, *J.,* January 11, 1993—This matter is before the court on a motion for summary judgment filed by

the defendant. Briefs have been submitted and the matter is now ripe for disposition.

The plaintiff, Theresa Stetzer, instituted this civil action against the defendant, Ohio Casualty Insurance Co., attempting to assert a claim based upon a policy of insurance that it had issued to Ralph Watkins. Stetzer had initially sued Watkins for his alleged breach of a construction contract entered into between them with respect to repairs to be made at Stetzer's residence. Watkins did not defend that suit, and a default judgment was entered against him for the sum of $4,756.50. Stetzer now contends that she is entitled to recover that sum from Ohio Casualty, Watkin's insurer, and she has brought this action directly against the insurance company.

Ohio Casualty has raised several defenses to Stetzer's claim, the first being that Stetzer cannot bring suit against it because she was neither a party to the policy of insurance issued to Watkins nor an insured under the terms of the policy. Ohio Casualty has also raised as a defense noncompliance with one of the conditions precedent to recovery under the policy.

Stetzer's deposition was taken by Ohio Casualty after the pleadings were closed. During the course of her deposition, she admitted that Watkins never notified Ohio Casualty of her claim. She also acknowledged that the first notice given to Ohio Casualty with respect to this claim was the notice she gave to its local agent several months after the entry of the default judgment.

Ohio Casualty has filed this motion for summary judgment contending that the pleadings and Stetzer's deposition do not create a genuine issue of material fact and that it is entitled to judgment as a matter of law. Motions for summary judgment are governed by Pa.R.C.P. 1035, which provides in pertinent part that:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is entered only in the clearest of cases where the right is clear and free from doubt. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 865 (1969). The moving party has the burden of proving the non-existence of any genuine issue of fact. *Kent v. Miller,* 222 Pa. Super. 390, 294 A.2d 821 (1972). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971).

It has been held that in the absence of a statute or policy provision on which such a right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured. *Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.,* 208 Pa. Super. 461, 222 A.2d 493 (1966); *Ferguson v. Manufacturers' Casualty Insurance Co. of Philadelphia,* 129 Pa. Super. 276, 195 A. 661 (1937). However, where the policy itself permits suit, the injured creditor may be considered a third party beneficiary entitled to maintain the action. *Id.*

In *Philadelphia Forrest Hills Corp.,* the court found that a policy provision identical to that found in paragraph 5 of the policy issued by Ohio Casualty to Watkins gave the plaintiff a contract right of action directly against the carrier as a third party beneficiary. Paragraph 5 provides as follows:

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until

the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

Stetzer relies upon the holding in *Philadelphia Forrest Hills* to establish her contract right of action against Ohio Casualty. We agree with Stetzer that paragraph 5 creates a contract right of action, provided that she can establish that the conditions precedent to the filing of an action against the company have been satisfied. Ohio Casualty argues that the condition precedent of notice of Stetzer's suit against Watkins has not been met and, therefore, it is absolved of any responsibility under the policy. We must conclude that Ohio Casualty is correct.

Where an insurer seeks to cut off its responsibility on the ground that its insured did not comply with a forwarding of suit papers clause, the burden of proof regarding such non-compliance rests on the insurer. *Hargrove v. CNA Insurance Group,* 228 Pa. Super. 336, 323 A.2d 785 (1974). To meet this burden, the insurer must establish that the clause was actually breached and that the breach resulted in substantial prejudice to its position. *Id.*

In *Flagg v. Puleio,* 189 Pa. Super. 329, 150 A.2d 400 (1959), the insurance company did not receive information

of a lawsuit against its insured until a default judgment had been taken against him. In holding that the insurer was not liable under the policy, the court stated:

"In the present case, the insurer did not have an opportunity to appear and defend the action on liability, was not given an opportunity to cross-examine plaintiff's witnesses on damages and was not given an opportunity to present its own evidence relating to liability and damages." *Flagg, supra.*

In light of those facts, the insurer was clearly prejudiced by the insured's failure to forward the suit papers to the insurance company.

The holding in *Flagg* was reaffirmed in *Hargrove v. CNA Insurance Group, supra,* where the court stated that "if the evidence demonstrates that the insured failed to forward suit papers, prejudice to the insurer is clearly established by the fact that a default judgment was taken against its insured." 228 Pa. Super. at 340, 323 A.2d at 787.

The uncontradicted evidence of record establishes that Watkins never gave Ohio Casualty notice of Stetzer's suit against him, a clear violation of paragraph 4 of the policy. Ohio Casualty was not made aware of Stetzer's lawsuit until Stetzer notified the company several months after she had taken a default judgment against Watkins. Under the undisputed facts presented here, we must find that Ohio Casualty has been prejudiced by Watkins' failure to forward the suit papers. Therefore, the insurer is not obligated under the terms of the insurance policy, and we enter the following

## ORDER

And now, January 11, 1993, at 1 p.m., it is hereby ordered that the defendant's motion for summary judgment is granted and judgment shall be entered in favor of the defendant and against the plaintiff.