Cameron, Appellant, *v.* Berger et al.

Conevery, Appellant, *v.* Berger et al.

230

Argued May 22, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Maurice Metzger,* of *Metzger & Wickersham,* for appellants.

*Samuel Handler,* with him *Earl Handler,* for appellee.

OPINION BY MR. JUSTICE BARNES, July 3, 1939:

These two appeals were argued together, and will be considered in one opinion, as they present identical questions for determination.

The plaintiffs, Mary C. Cameron and Robert A. Conevery, brought separate actions against the defendant,

Loretta J. Berger, for injuries resulting from a collision, which took place on November 18, 1931, between an automobile owned and operated by Mrs. Berger and one owned by Conevery, which was being driven at the time of the accident by Mrs. Cameron.

The Pennsylvania Indemnity Corporation, which is here the garnishee, insured the defendant by its policy dated April 23, 1931, against liability for personal injuries and property damage caused by the operation of her automobile. This insurance was in force at the time of the collision, and defendant duly notified the company of the occurrence of the accident.

In February, 1932, several months before the present suits were instituted, the defendant disappeared from her home to avoid arrest and prosecution for unlawful activities as a "hex doctor," and for larceny by bailee. These actions were started in June, 1932, and substituted service was effected by serving the Secretary of Revenue and sending copies of the summons and statement of claim to the last known address of the defendant by registered mail. From the evidence it appears that the garnishee had no knowledge that suits had been instituted against defendant until notified on October 11, 1932, by counsel for plaintiffs that they were listed for trial on November 15, 1932.

The garnishee made inquiries at the former residence of the insured, and communicated at various times with the police, who were likewise endeavoring to discover the whereabouts of Loretta J. Berger. Unsuccessful in these efforts, the garnishee finally addressed letters to the defendant, on October 20, 1932, disclaiming responsibility on the contract of insurance, under its standard "coöperation" clause,[1] and gave notice of this action to plaintiffs' counsel.

---

[1] This clause reads as follows: "Insured upon the occurrence of any accident shall send immediate written notice thereof with the fullest information obtainable at the time to office of Company

The defendant was not present nor represented at the trial of the two actions in trespass, and a verdict for $1,750 was there rendered for the plaintiff, Mary C. Cameron, and one for $750 in favor of the plaintiff Robert A. Conevery. After judgments were entered, the plaintiffs issued attachment executions against the garnishee, which filed answers denying liability because of the failure of the insured to coöperate as required by the policy.

The cases then proceeded to trial upon the issues raised by the attachments and the answers thereto, and resulted in verdicts for the plaintiffs. Plaintiffs' witnesses testified that, immediately after the collision, agents of the insurance company had assumed control of the negotiations, instructing the defendant not to discuss the matter with any representative of the plaintiffs, and preventing such persons from taking photographs of Mrs. Berger's automobile. It was also testified that the garnishee's district claims manager had informed Mrs. Cameron that he would recommend a settlement if she discharged her attorneys, but this was denied by the company's witnesses. The evidence disclosed that Mrs. Cameron and Mrs. Berger were the only eyewitnesses to the accident.

Following the verdicts in favor of the plaintiffs, the garnishee's motions for new trial and for judgment non obstante veredicto were denied. The Superior Court reversed the action of the court below and entered judgment in each case for the garnishee, from which plaintiffs have taken these appeals.

We have concluded that the judgments of the Su-

---

or its authorized agent. Insured shall at all times render all coöperation and assistance in his power and shall furnish Company such information, receipts, vouchers, and sworn statements, when and as the same may be required. Insured, whenever requested, shall aid in effecting settlement, securing information and evidence, attendance of witnesses and in prosecuting and defending suits and appeals."

perior Court must be affirmed. Plaintiffs' right of action against the garnishee depended entirely upon the contract of insurance, and such right can rise no higher than that of the insured.[2] The coöperation clause unquestionably constituted a material condition of the policy, and from the record it clearly appears that it was breached by Mrs. Berger in such manner as to forfeit her rights against the company.

It is true, as plaintiffs contend, that the garnishee had the burden of proving, not merely a breach of this condition, but that the breach was such as to result in "substantial prejudice and injury to its position": *Conroy v. Commercial Cas. Ins. Co.*, 292 Pa. 219, 224; and see *McClellan v. Madonti*, 313 Pa. 515; *Bachman v. Monte*, 326 Pa. 289. There can be no doubt here that defendant's failure to coöperate was both prejudicial and injurious to the garnishee.

Mrs. Berger's obligation to the insurance company was not discharged by her report of the collision, and her assistance in the preliminary negotiations which occurred. She was not only an essential witness at the trial, but the only witness for the defense, and her aid was necessary for the preparation and trial of the suits against her. Her voluntary disappearance left the garnishee without a defendant and a defense. Under such circumstances she was precluded from indemnification under her policy. See *Conroy v. Commercial Cas. Ins. Co.*, supra, at pages 225, 226, 227.

Plaintiffs insist, however, that the offers of settlement made by the garnishee's agents, and certain statements attributed to them, indicate that Mrs. Berger's absence was not injurious, because she had no material evidence to offer, and no valid defense to the charge of negligence. The record does not establish such a

---

[2] For a general discussion of the rights of injured parties under contracts of insurance see *Rose & Son v. Zurich General Accident Co.*, 296 Pa. 206; *West v. MacMillan et al.*, 301 Pa. 344.

complete absence of a defense, and the fact that a settlement was discussed would not, in itself, be conclusive of the merits of the respective claims. Furthermore, even if the insured's liability were clear, the garnishee was prejudiced by her failure to contest the important issue of the amount of damages to be awarded. This the garnishee could not have done except by its full assumption of the defense of the case, which would have jeopardized its right to avail itself of defendant's breach of the insurance contract. See *Malley v. American Indemnity Corp.*, 297 Pa. 216; *Graham v. U. S. Fid. & Guar. Co.*, 308 Pa. 534; *Moses v. Ferrel & Indemn. Co. of Am.*, 97 Pa. Superior Ct. 13.

There remains for consideration only the final contention of plaintiffs, that the garnishee is estopped to raise this defense by reason of its conduct in the investigation and negotiations preceding trial. It must be conceded that an insurer cannot play "fast and loose" with the insured by assuming absolute control of the defense of litigation, and then, if unsuccessful, denying liability upon the ground of some defect in the policy: *Malley v. American Indemnity Corp.*, supra (page 224). Here, however, the conduct of the garnishee's agents falls short of that required to bring it within this rule. While its methods of "safeguarding" the evidence may be questioned, it does not appear that plaintiffs were prejudiced thereby. Despite their inability to interview Mrs. Berger, and to photograph her car, they were successful in obtaining verdicts in the court below. Though delay may have been caused plaintiffs by the action of the garnishee in negotiating for a settlement prior to its withdrawal from the case, such a course did not prevent the institution of suits against the defendant. The insurer acted promptly in repudiating all liability upon the policy after it failed to locate Mrs. Berger, and thereafter exercised no control over the subsequent steps in the litigation. Its active participation in the matter, while Mrs. Berger

was extending to it the coöperation called for by the policy, cannot be treated as a waiver of its right to assert a breach which had not yet occurred under the terms thereof.

We are not unmindful of the rule that where an insurer seeks to avoid liability for lack of coöperation, the question whether there has been a material breach of the condition is ordinarily for the jury: *Bachman v. Monte,* supra (p. 297). Here, however, the evidence of the failure of the insured to coöperate conclusively appeared, and the trial court should, as a matter of law, have directed judgment for the garnishee in both cases. See *Zenner v. Goetz,* 324 Pa. 432, 438.

The judgments of the Superior Court are affirmed.