## Grew v. Brunner et al.

*Bruce R. Wright,* for plaintiff.

*G. A. Troutman,* for garnishee.

LEVINTHAL, J., February 2, 1955.—Plaintiff in a trespass action, based upon an intersection collision, having obtained a verdict against Hartsough alone, has summoned the Standard Accident Insurance Company of Detroit, Hartsough's insurer, as garnishee, seeking to collect the amount of its judgment against Hartsough. The garnishee in resisting the attachment claims that Hartsough breached the "coöperation clause" of his policy by failing to attend court during the last day of the trial. In its answer the garnishee avers that although Hartsough was present in court during the earlier days of the trial, his failure to be present in court on the last day was of material prejudice to the company because it was then that its lawyers had intended to call Hartsough to testify as a material witness to the accident. It contends that Hartsough had previously informed the garnishee's counsel that he was prepared to testify to certain facts which, as set out in detail, tend both to clear him of any liability for the accident, and to place liability upon Brunner, codefendant.

Plaintiff has now filed a motion under Pa. R. C. P. 4009 to inspect all statements taken by the garnishee, from both defendant Thomas Hartsough, and Peter Yurko, a witness to the accident, who was not called at the trial.

In Pennsylvania an insurer, to be relieved of liability because of a breech of a "coöperation clause", must be able to establish not only that the condition of the policy was breached, but also that such breach resulted in substantial prejudice and injury to the insurer: Cameron v. Berger et al., 336 Pa. 229, 233 (1939); Associated Indemnity Corp. v. Davis et al., 136 F. 2d 71, 74 (3rd cir., 1943).

Plaintiff contends that the testimony of defendant would have been of no aid to the insurance company in defending the suit. His case might well depend upon establishing this fact. It is quite obvious, therefore, that the material sought is relevant to the subject matter involved in the present attachment proceedings, and that it will substantially aid in the preparation and trial of plaintiff's case.

In its answer to the petition and motion for right to inspect, the insurance company depends on the limitation upon the scope of discovery established by rule 4011(d), which provides that material secured in anticipation of litigation or in preparation for trial is exempt from discovery. This rule is in effect somewhat of an expansion of the doctrine of Hickman v. Taylor et al., 329 U. S. 495 (1947). In our opinion neither rule 4011(d) nor the Hickman case is here applicable. This is not an attempt on the part of one party to take advantage of the other party's efforts in preparation of the trial to defeat that party. Allowance of the discovery will not "penalize the diligent and place a premium on laziness." (See McCarthy v. Palmer et al., 29 F. Supp. 585, 586 (E. D. N. Y., 1939) ). Defendant here has already been defeated. The discovery is sought as an aid of execution after the case, for which the information had been gathered, has already been determined adversely to the party whose attorney gathered it. The rule can no longer at this stage protect such person. Discovery is here

properly sought in plaintiff's case against the garnishee, for the information sought was not gathered in the preparation of *that* case for trial.

We therefore grant the motion to inspect under Pa. R. C. P. 4009.