493 A.2d 764

**PAXTON NATIONAL INSURANCE COMPANY, Appellee,**

v.

**William BRICKAJLIK, Individually and t/a Brick's Farm Market, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1984.

Filed May 31, 1985.

Nino V. Tinari, Philadelphia, for appellant.

John S. Thome, Jr., Doylestown, for appellee.

Before CAVANAUGH, WIEAND and MONTGOMERY, JJ.

WIEAND, Judge:

William Brickajlik was the owner of a truck which had been stolen while in the possession of Mycek's Sunoco Service Center. Paxton National Insurance Company (P.N. I.), which had written a policy insuring against theft, reimbursed Brickajlik for his loss in the amount of $3,350. P.N.I. then attempted to assert a third party claim against Mycek's Sunoco Service Center. Brickajlik refused to sign a complaint which would have enabled P.N.I. to commence an action against Mycek in Brickajlik's name. Thereafter, P.N.I. commenced an action against Brickajlik, its insured, to recover damages for breach of the cooperation clause in

the policy of insurance. The action was tried nonjury and resulted in a decision in favor of P.N.I. and against Brickajlik for $3,350, plus interest. Post-trial motions were denied, and judgment was entered on the verdict. Brickajlik appealed. We reverse.

Paragraph 7 of the policy of insurance provides:

*Subrogation:* In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights. (emphasis in the original).

Paragraph 4–C of the policy also provides:

The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which the insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the accident.

When appellant signed a "Sworn Statement in Proof of Loss (Automobile)," he agreed as follows:

*Subrogation:* The insured hereby covenants that no release has been or will be given to or settlement or compromise made with any third party who may be liable in damages to the insured and the insured in consideration of the payments made under this policy hereby subrogates the said Company to all rights and causes of action the said insured has against any person, persons or corporation whomsoever for damage arising out of or incident to said loss or damage to said property and authorizes said Company to sue in the name of the

insured but at the cost of the Company any such third party, pledging full cooperation in such action.

Brickajlik concedes that he refused requests by his insurer to sign a complaint against the bailee of his truck. He argues that he had no duty to cooperate with his insurance company and that the latter, having paid his claim, cannot pursue a claim against him. He is obviously incorrect, and the trial court so held.

■■■ The purpose of cooperation clauses is to protect the insurer's interest and prevent collusion between the insured, to whose rights the insurer has been subrogated, and the third party tortfeasor. See: 8 Appleman, Insurance Law and Practice § 4771. The cooperation clause is a material condition to the liability of the insurer. *Cameron v. Berger,* 336 Pa. 229, 233, 7 A.2d 293, 295 (1938). Before an insurer is relieved of liability, however, it must show that there was more than an unsubstantial or immaterial departure from the letter of the policy and that the insurer suffered substantial prejudice because of the conduct of its insured. *Conroy v. Commercial Casualty Ins. Co.,* 292 Pa. 219, 140 A. 905 (1928).

■■ As a part of his proof of loss, Brickajlik had already authorized P.N.I. "to sue in the name of the Insured ... any such third party." P.N.I., therefore, was the real party in interest. It could have commenced an action in the name of its insured or its own name against the third party bailee. Pa.R.C.P. 2002(d). P.N.I. did not ever file an action against the third party bailee. Instead, it sued its own insured for breach of the agreement to cooperate. Because the insurer never pursued its remedy against the third party bailee, it was unable to show that Brickajlik's refusal to sign the complaint had been a material failure to cooperate or had caused any loss to P.N.I. Cf. *Moses v. Ferrel,* 97 Pa.Super. 13 (1929). We reject as unsound the trial court's conclusion that pursuit of an action by the insurer could not be expected in view of the risks of filing suit without the signature of its insured. If, after P.N.I. had commenced a third party action, the insured failed to cooperate by refusing to give relevant testimony or otherwise refused to

cooperate, his refusal would have become a material breach of the agreement to cooperate. The mere failure of the insured to respond to requests to sign a third party complaint in this case, however, did not prevent the commencement of an action by P.N.I. to recover its subrogation claim from the third party. The insured's refusal to sign the complaint, therefore, was not, without more, a material breach of the cooperation clause.[1]

Judgment reversed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent. The majority discusses the issue of whether Brickajlik's conduct constituted a material and prejudicial breach of the cooperation clause in his insurance policy, and finding that it did not, reverses the lower court order appealed from herein. "It is of course elementary that issues not preserved for appellate review or, even if preserved at the trial level, not raised by a party to an appeal, will not be considered by an appellate court. *See Commonwealth v. Williams*, 432 Pa. 557, 248 A.2d 301 (1968); *Zeman v. Borough of Canonsburg*, 423 Pa. 450, 223 A.2d 728 (1966); *Commonwealth v. Stowers*, 363 Pa. 435, 70 A.2d 226 (1950); *Nicola v. American Stores Inc.*, 351 Pa. 404, 41 A.2d 662 (1945).... [A]n appellate court is not to raise *sua sponte* issues which it perceives in the record where, as here, those issues are not presented at the appeal level. *See Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975)." *Commonwealth v. McKenna*, 476 Pa. 428, 383 A.2d 174 (1978). Although the issue discussed by the majority was raised below, my review discloses that it was

1. The issue decided in the trial court and the issue preserved for review in this Court, although admittedly not well argued in appellant's brief, is whether the insurer should be allowed to recover from its insured those benefits previously paid after the insured refused to comply with the insurer's request that the insured sign a third party complaint. The Superior Court is not relieved of its responsibility for deciding this *issue* correctly merely because appellant's *argument* has been poorly articulated and has been couched in language referring to the insurer's right of subrogation against its insured rather than its right to recover against him for breach of contract.

not made and preserved on appeal and therefore, I would not reach the merits of this issue.

Moreover, were the merits of the issue properly addressed, I would part ways with the majority for the reasons expressed by Judge Biester, writing for the court *en banc* below. I agree with the *en banc* court that Brickajlik's characterization of the action as one in subrogation is erroneous, and that the action is properly based upon a breach of contract which occurred when appellant signed the proof of loss form pursuant to the terms of his insurance policy with Paxton National Insurance Co., yet refused to perform his promise of cooperation. In addition, I agree with the court's conclusion that appellee did suffer damage resulting from Brickajlik's refusal to sign the complaint against Sunoco. Notwithstanding that Paxton might also sue Sunoco in its own name, the claim, undertaken by Paxton in Brickajlik's name, would more likely yield the result desired by Paxton. Contractually, Paxton clearly would have a right to expect and receive the advantage of a lawsuit in Brickajlik's name in advancing its case against Sunoco. Therefore, I would affirm the judgment of the court below.