**Atlantic States Insurance Co. v. Hunt**

*Richard J. Perr,* for plaintiff.
*George G. Rassias,* for defendant.

ABRAMSON, *J.,* September 19, 2005—

## FINDINGS OF FACT

(1)-(15) The Joint Stipulation of Facts is incorporated herein by reference. (See court exhibit.)

(16) Specifically, the following facts are undisputed: Defendant Patrick Hunt never returned the telephone calls from D. Scott Bonebrake, the attorney provided to Hunt by Atlantic States Insurance Company under the insurance policy; Hunt did not verify the answer prepared on Hunt's behalf by Bonebrake; Hunt did not appear for his scheduled deposition on January 6, 2003; Hunt did not provide any information to Bonebrake so that Bonebrake could respond to discovery propounded upon Hunt; and

Hunt did not respond to nine separate letters of correspondence from Bonebrake over a four-month period.

(17) It is also undisputed that Hunt is the only known witness to the motor vehicle accident at issue in the underlying action (*Rugh v. Hunt and Bullard Co.,* January term 2003, no. 3661), other than the plaintiff in that action, Kimberly Rugh.[1]

(18) The court takes judicial notice of its own records, specifically that Atlantic States' complaint against Hunt was served and accepted by Hunt on February 26, 2004, at 509 Lehan Circle, Springfield, PA 19064.[2] Furthermore, the notice of default judgment was also sent to Hunt at the same address, 509 Lehan Circle, Springfield, PA 19064.

(19) While not of record, it is significant that the letters of correspondence sent to Hunt were addressed to Hunt at the same address as above, 509 Lehan Circle, Springfield, PA 19064.

(20) The policy at issue requires the insured to "[c]ooperate with us in the investigation, settlement or

---

1. The underlying action is a personal injury claim by Rugh against Hunt and the Bullard Company, Hunt's employer.

2. It is of no consequence that Hunt did not personally accept service. Pennsylvania Rule of Civil Procedure 402 ("Manner of service. Acceptance of service") provides that original process may be served "at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence." According to the sheriff's return of service, the complaint was served and accepted by an adult in charge of defendant's residence. Therefore, Hunt is deemed to have personally accepted the complaint.

defense of the claim or 'suit.' " See the policy at section IV.A.2.b.(3).

(21) Hunt has materially breached his duty to cooperate as outlined under the policy.

## CONCLUSIONS OF LAW

(1) The issue of whether there has been a material breach of the insured's duty to cooperate is for the finder of fact to decide. See *State Farm Mutual Automobile Insurance Co. v. American Independent Insurance Co.,* 2005 Phila. C.C.P. Lexis 303, *5, Commerce Program, Sheppard, J. (2005).

(2) By way of a cooperation clause in an insurance policy, "an insured binds itself to assist the insurer fully in its handling of the claim and agrees to take no action which would vitiate a valid defense." *Forest City Grant Liberty Associates v. Genro II Inc.,* 438 Pa. Super. 553, 559, 652 A.2d 948, 951 (1995).

(3) "Although a breach of a duty to cooperate will relieve the insurer from liability under the policy, a failure to cooperate must be substantial and will only serve as a defense where the insurer has suffered prejudice because of the breach." *Forest City,* 438 Pa. Super. at 559, 652 A.2d at 951. See *Conroy v. Commercial Casualty Insurance Co.,* 292 Pa. 219, 224, 140 A. 905, 907 (1928) ("to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond—that it is a departure that results in a substantial prejudice and injury to its position in the matter"); *Federal Kemper Insurance Co. v. Johnson,* 21

D.&C.3d 724, 728 (1981) ("[t]o be relieved of its obligation to indemnify and defend its insured on the basis of the insured's failure to cooperate, the insurer must prove breach of the cooperation clause and show substantial prejudice and injury to its position").

(4) "An insured's duty to cooperate is breached where the insured neglects to disclose information needed by the insurer to prepare a defense, does not aid in securing witnesses, refuses to attend hearings or to appear and testify at trial or otherwise fails to 'render all reasonable assistance necessary to the defense of the suit.'" *Forest City,* 438 Pa. Super. at 559-60, 652 A.2d at 951-52.

(5) Prejudice can be shown where the lack of cooperation "fails to allow the insurance company to participate meaningfully in legal proceedings that may result in its payment of the claim at issue." *Champion v. Chandler,* 1999 U.S. Dist. Lexis 15824, *6 (E.D. Pa. 1999).

(6) Atlantic States has sufficiently shown that Hunt's breach of his duty to cooperate has caused substantial prejudice to Atlantic States' position to defend Hunt in the underlying action. His conduct on the night of the action is the sole basis on which liability turns. Hunt has not provided any information to Atlantic States regarding the accident, so Atlantic States is unable to provide a meaningful defense. See *Conroy,* 292 Pa. at 225-26, 140 A. at 907-908 ("If the insured refuses to give any information, so that the company is unable to make defense, it cannot be said there is cooperation, and in that case a recovery should be denied . . . . The same is true if he absents himself so that his evidence cannot be taken advantage of"). (citations omitted)

(7) Since Hunt is the only witness to the accident (besides Rugh), his account of the night in question is crucial in order for Atlantic States to properly defend Hunt. See *Prudential Property & Casualty Co. v. Erie Insurance Co.*, 660 F. Supp. 79, 82 (E.D. Pa. 1986), quoting *Cameron v. Berger*, 336 Pa. 229, 233, 7 A.2d 293, 295 (1939) ("[Defendant] was not only an essential witness . . . , but the only witness for the defense, and [his] aid was necessary for the preparation and trial of the suit[] against [him]. [His] voluntary disappearance left the [insurer] without a defendant and a defense. Under such circumstances [he] was precluded from indemnification under [the] policy.").

## FINDING

A declaratory judgment is entered in favor of plaintiff Atlantic States Insurance Company. An order consistent with this judgment will be issued.

## ORDER

And now, September 19, 2005, it is hereby ordered and decreed that plaintiff Atlantic States Insurance Co. has no duty to defend or indemnify defendant Patrick Hunt in the action filed in the Court of Common Pleas for Philadelphia County at *Rugh v. Hunt and Bullard Co.*, January term 2003, no. 3661.