**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2664
_____

ALLEN L. FEINGOLD;
PHILLIP GODDARD

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Allen L. Feingold, Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-11-cv-06309
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2013
_____

Before: FUENTES, CHAGARES and BARRY, <u>Circuit Judges</u>

(Opinion Filed: April 23, 2013)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

Allen L. Feingold[1] appeals *pro se* the dismissal of his claims against State Farm

Mutual Automobile Insurance Company.  We will affirm.

I.

On August 6, 1998, Phillip Goddard was injured in a car accident caused by an

uninsured or underinsured driver.  Sometime thereafter, Goddard retained Feingold, then

a licensed attorney, to assist him in pursuing a claim under the uninsured motor vehicle

provision of his State Farm policy.  Feingold moved to compel arbitration after State

Farm refused to pay benefits or appoint an arbitrator to adjudicate Goddard's claim.

Eventually, a neutral arbitrator from Delaware was selected.  State Farm then demanded

that Goddard undergo a physical examination, but never arranged for the examination.  In

December 2010, Goddard, represented by new counsel, attempted to schedule an

arbitration hearing.  State Farm refused to proceed with arbitration, asserting that

Goddard's claim was now time-barred.

On October 7, 2011, Feingold and Goddard brought claims against State Farm for

breach of contract and bad faith in violation of 42 Pa. Cons. Stat. § 8371.  On November

29, 2011, State Farm moved for dismissal for improper venue under Rule 12(b)(3) and for

failure to state a sufficient claim under Rule 12(b)(6).  On April 3, 2012, the District

Court granted State Farm's motion with respect to Feingold and ordered Feingold to

---

[1] This is not the first time Feingold, a disbarred attorney, has appeared before us on a frivolous appeal from the dismissal of a meritless claim.

2

cease participation in the case. After the Court denied reconsideration, Feingold moved

for Rule 54(b) certification. The Court certified its judgment as final under Rule 54(b) on

May 9, 2012. This appeal followed.

## II.

The District Court concluded that, as a threshold jurisdictional matter, Feingold

had not alleged an Article III injury, and, therefore, lacked standing to pursue his claims

against State Farm. We agree, and after review of the briefs and appendices submitted by

the parties, we find no basis for disturbing the exceedingly thorough and well-reasoned

April 3, 2012 opinion of the District Court. We thus affirm the order of the District Court

substantially for the reasons set forth in its opinion.