**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1659
_____

KAREN S. BROWN,
as Trustee of the MLG Trust,

v.

MARTIN L. GRASS,

Karen S. Brown,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 1-09-cv-02043)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2013
_____

Before: FUENTES, COWEN and BARRY, Circuit Judges

(Opinion Filed: October 31, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

Appellee in this contract dispute, Martin L. Grass, entered into a written

agreement to purchase stock from MLG Trust. After Grass failed to deliver the full

purchase price, MLG Trust's trustee, appellant Karen S. Brown, sued him for breach of

contract.[1] Following a four-day trial, the jury found that Grass had not breached the

parties' stock purchase agreement and the District Court entered judgment in his favor.

Brown thereafter filed a motion to alter or amend the judgment pursuant to Federal Rule

of Civil Procedure 59(e) or, in the alternative, for a new trial pursuant to Rule 59(a). The

District Court denied the motion in all respects. Brown now appeals. We will affirm.

## I.

Because we write primarily for the parties, we set forth only those facts relevant to

the issues under consideration. At the center of this case is a two-page stock purchase

agreement, dated March 2002, and signed by Brown, as trustee of MLG Trust, and Grass,

on behalf of himself and Rumman Group, Inc. ("Rumman"), an entity that he and MLG

Trust owned.[2] Pursuant to the agreement, Grass agreed to purchase all of MLG Trust's

shares in Rumman for $8 million, subject to certain set-offs only one of which is relevant

here. Grass agreed to "waive and quitclaim to MLG" any interest he might have in a

certain group of mortgage loans, resulting in a credit of $3.1 million toward the purchase

price. The agreement established November 1, 2005 as the closing date. On that date,

MLG Trust was required to deliver all stock certificates duly endorsed for transfer and

Grass was required to render a full payment.

---

[1] Brown's complaint also included claims for unjust enrichment and promissory estoppel. This appeal concerns only her breach of contract claim.

[2] Certain of the terms in the stock purchase agreement were added by handwritten amendments. Grass initialed each such alteration.

In October 2002, Grass quitclaimed to MLG Trust his interest in the specified mortgage loans, entitling him to a $3.1 million credit against the purchase price and leaving him with an outstanding balance of $4.9 million. It is undisputed that Grass made no additional payment to MLG Trust.

At trial, Brown presented evidence that MLG Trust timely delivered the stock certificates to Grass in full performance of its contractual obligations. As part of his defense, Grass denied that MLG Trust ever transmitted the Rumman certificates, arguing that the trust was, therefore, precluded from maintaining its own suit for breach and that, in any event, the certificates were worthless, rendering the stock purchase agreement void for lack of consideration. Grass offered expert testimony from a forensic accountant who opined that the Rumman stock was worth "zero." (JA0706.) Grass also raised affirmative defenses of fraud and mistake.

Both parties submitted proposed jury instructions. Brown submitted the following instructions regarding the requirements for establishing a breach of contract:

> A breach of contract occurs when a party to the contract fails to perform any contractual duty of immediate performance or violates an obligation, engagement, or duty and that breach is material. A breach does not have to be defined in a contract.
> Not every nonperformance, however, is to be considered a breach of the contract. If you find that the nonperformance was immaterial, and thus the contract was substantially performed, you must also find that a breach of the contract has not occurred.

(JA0171 (Pa. Suggested Standard Civil Jury Instructions § 19.60).)

Brown also submitted instructions directing the jury to consider five factors when

3

determining whether Grass' nonperformance constituted a material breach: (1) the extent to which MLG Trust will be deprived of the benefit it reasonably expected; (2) the extent to which MLG Trust can be adequately compensated for that part of the benefit of which it will be deprived; (3) the extent to which Grass will suffer forfeiture; (4) the likelihood that Grass will cure his failure, taking account of all the circumstances, including any reasonable assurances; and (5) the extent to which Grass' behavior compares with standards of good faith and fair dealing.

The District Court incorporated Brown's proposed instructions on breach into its final set of instructions, informing the jury that, to find Grass in breach of contract, his nonperformance must have been material. With respect to its instructions on materiality, the District Court adopted three of the factors suggested by Brown, omitting the third and fourth factors enumerated above. Brown did not object to the Court's instructions at either the charging conference or after they were read to the jury.

On its verdict form, the jury responded to three special interrogatories. First, the jury found that the stock purchase agreement between MLG Trust and Grass constituted a valid contract. Next, the jury found that MLG Trust had performed all of its obligations under the stock purchase agreement. Finally, the jury found that Grass had not breached the stock purchase agreement. Pursuant to the jury's findings, the District Court entered judgment in favor of Grass.

Brown thereafter filed a motion under Rule 59 of the Federal Rules of Civil Procedure to alter or amend the judgment or, in the alternative, for a new trial. She

4

acknowledged that the jury, having found that a valid contract existed between the parties and that MLG Trust had fully performed its contractual obligations, must have concluded that Grass' failure to pay the outstanding balance of $4.9 million was a non-material breach. Brown maintained, however, that Grass' failure to pay this amount was necessarily material according to the three factors laid out in the District Court's instructions.

The District Court denied the motion. Noting that it was required to harmonize the jury's answers as much as possible, it agreed with Brown that the jury must have found that Grass' failure to make full payment was not a material breach. The District Court saw no error in this determination. It reasoned that, with respect to the first materiality factor, having already received quitclaimed property worth $3.1 million for the Rumman stock, which, according to certain evidence at trial, was worthless, the jury could have concluded that (a) it would have been unreasonable for Brown to expect a "windfall" of $4.9 million more, and (b) Brown was not actually deprived of any reasonably expected benefit. (JA0016.) As to the second factor, because the jury could have concluded that MLG Trust was not deprived of a benefit, the requested damages were not necessary to compensate MLG Trust. Finally, the jury could have determined, based on a credibility assessment that the District Court would not disturb, that Grass' failure to pay the additional $4.9 million did not exhibit bad faith or unfair dealing.

**II.**

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a), and we have

5

jurisdiction pursuant to 28 U.S.C. § 1291.

A motion to alter or amend a judgment under Rule 59(e) may be granted where the movant demonstrates (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). We review a district court's decision to deny a Rule 59(e) motion for abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "An abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005).

Rule 59(a) permits a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A district court's ruling on a motion for a new trial is also subject to review for abuse of discretion. *Thabault v. Chait*, 541 F.3d 512, 532 (3d Cir. 2008).

## A.    Motion to Alter or Amend the Judgment

We agree that the District Court's reconstruction of the jury's reasoning is the only sensible way to harmonize the answers to the questions on the verdict sheet; the jury must have concluded that Grass' failure to pay the outstanding balance of $4.9 million was not a material breach of the stock purchase agreement. The parties do not contend otherwise.

Brown argues, rather, that the verdict cannot stand because it is based on a legal error. She contends that materiality simply is not a necessary element for breach of contract under the laws of Pennsylvania. Brown, however, did not make this argument in

6

her Rule 59 motion, the denial of which she now appeals, and we deem the argument waived. *See Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."). Declining to review this issue is all the more appropriate given that the District Court's breach of contract instructions, which make reference to a materiality requirement, were made at the urging of Brown, herself, and even now, she does not expressly argue that the instructions were erroneous.

Brown's primary contention before the District Court, and a contention also pressed to us, is that the jury was required to find that Grass committed a material breach by failing to remit full payment for the stock he received. Whether a breach is material, of course, is a question of fact for the jury. *See Forest City Grant Liberty Assocs. v. Genro II, Inc.*, 652 A.2d 948, 951 (Pa. Super Ct. 1995) (citing *Cameron v. Berger*, 7 A.2d 293, 296 (Pa. 1938)).

Although Brown requests judgment in her favor under Rule 59(e), she is, at bottom, making a sufficiency of the evidence argument, asserting that the evidence admits of only one conclusion: a material breach occurred. That argument is foreclosed, however, because Brown did not move for judgment as a matter of law based on the sufficiency of the evidence before the case was submitted to the jury, as is required by Rule 50. The failure to abide by Rule 50's procedural requirements "wholly waives the right to mount any post-trial attack on the sufficiency of the evidence," including on appeal. *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1262 (3d Cir. 1991); *see also*

7

*Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364-65 (3d Cir. 1999).

One final argument merits some attention. Brown argues that the jury's verdict violates the principle that courts must enforce a contract's clear, unambiguous terms and that, whatever other evidence may be in the record, the jury erred by not relying on the terms of the contract to discern MLG Trust's reasonable expectations of benefits, the benefits of which it was deprived by Grass' non-payment, and the magnitude of Grass' breach. The District Court did, in fact, instruct the jury that "competent people are free to contract, and even if one makes a bad deal, he or she is bound by the agreement." (JA1039.)

The District Court's instructions on materiality invited the jury to look to other evidence in the record that might bear on the three materiality factors. The instructions nowhere stated that the jury's analysis was limited to the face of the contract, and Brown did not request such an instruction. Moreover, Brown does not cite any case requiring that, in the context of a materiality analysis, a contract's terms provide conclusive proof of the non-breaching party's expectations or benefits of which it was deprived. To the contrary, materiality is an "imprecise and flexible" standard. Restatement (Second) of Contracts § 241 cmt. a (1981). The materiality of a breach is a "'question of degree'" that is determined in light of the customary consequences for nonperformance of similar contracts, a point of reference beyond the four corners of any particular contract. *Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1271 (Pa. Super. Ct. 2012) (quoting *2401 Pa. Ave. Corp. v. Fed'n of Jewish Agencies*, 466 A.2d 132, 139 (Pa.

8

Super. Ct. 1983)) (internal quotation omitted).  As such, and in view of the fact that

Brown specifically requested instructions on breach of contract incorporating the concept

of materiality, the District Court did not abuse its discretion when it refused to vacate the

jury's verdict because it may have been based on evidence beyond the words of the

contract itself.

**B.      Motion for a New Trial**

In support of her motion for a new trial, Brown argues that the District Court's

three-factor materiality charge was erroneous and that the jury's verdict is contrary to the

great weight of the evidence.

**1.      Jury Instructions on Materiality**

Federal Rule of Civil Procedure 51(c) provides that "[a] party who objects to an

instruction or the failure to give an instruction must do so on the record, stating distinctly

the matter objected to and the grounds for the objection."  "Merely proposing a jury

instruction that differs from the charge given is insufficient to preserve an objection."

*Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005).  Any

unpreserved challenge to an instruction is reviewed for plain error that affects substantial

rights.  Fed. R. Civ. P. 51(d)(2); *Collins v. Alco Parking Corp.*, 448 F.3d 652, 655 (3d

Cir. 2006).  Under that discretionary standard, "we will reverse the trial court only where

a plain error was fundamental and highly prejudicial, such that the instructions failed to

provide the jury with adequate guidance and our refusal to consider the issue would result

in a miscarriage of justice." *Franklin Prescriptions*, 424 F.3d at 339 (quotation marks

and citation omitted); *accord Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000).

Brown's proposed jury instructions on materiality, which employed a five-factor test drawn from the Restatement (Second) of Contracts § 241, differed from the instructions eventually given by the District Court, which incorporated just three of those factors. Brown did not object to the District Court's instructions at any time, however, let alone "distinctly" and "on the record." Accordingly, the plain error standard applies.

Pennsylvania courts have applied all five of the Restatement factors outlined in Brown's proposed instructions to guide their materiality analyses. *See, e.g.*, *Int'l Diamond Importers*, 40 A.3d at 1271; *Widmer Eng'g, Inc. v. Dufalla*, 837 A.2d 459, 468 (Pa. Super. Ct. 2003); *Gray v. Gray*, 671 A.2d 1166, 1172 (Pa. Super. Ct. 1996). Those courts, however, have not mandated that consideration of all five factors is required in every case. Again, the comments to the Restatement explain that the factors are meant to amplify "a standard of materiality that is necessarily imprecise and flexible," and that they constitute "circumstances, not rules, which are to be considered in determining whether a particular failure is material." Restatement (Second) of Contracts § 241 cmt. a. Although the District Court excluded two of the § 241 factors from its jury instructions, given the flexible, context-dependent nature of materiality, it did not "fail[] to provide the jury with adequate guidance," and our refusal to order a new trial based on an arguably less-than-complete instruction certainly would not "result in a miscarriage of justice." *Franklin Prescriptions*, 424 F.3d at 339 (quotation marks and citation omitted).

### 2.     Verdict Against the Weight of the Evidence

Finally, Brown argues that a new trial is necessary because the jury's verdict in favor of Grass runs contrary to the great weight of the evidence.[3] Vacating a verdict as being against the great weight of the evidence should occur "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). As recounted by the District Court in its memorandum and order, there was ample evidence in the record from which the jury could find that Grass' nonperformance did not entitle MLG Trust to relief. That being so, the District Court did not abuse its discretion in refusing to grant a new trial.

### III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[3] A party's failure to move for judgment as a matter of law based on insufficiency of the evidence does not prevent the party from seeking post-trial relief under the separate great weight of the evidence standard. *See Greenleaf*, 174 F.3d at 365.

11